Issiaka I. NAMOKO, Plaintiff–
Appellant,

v.

Honorable Walker D. MILLER;
Honorable Michael E. Hegarty,
Defendants–Appellees.

Nos. 07–1227, 07–1228.

United States Court of Appeals,
Tenth Circuit.

Aug. 23, 2007.

Issiaka I. Namoko, Colorado Springs,
CO, pro se.

Before HENRY, TYMKOVICH, and
HOLMES, Circuit Judges.

**ORDER AND JUDGMENT** *

ROBERT H. HENRY, Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist the determination of this
appeal. *See* FED. R.APP. P. 34(a)(2); 10TH
CIR. R. 34.1(G).

Issiaka Namoko, appearing pro se as he
did in the district court, appeals from the
district court's dismissal of his complaints
against Judge Walker Miller and Magis-
trate Judge Michael Hegarty for lack of
subject matter jurisdiction. Mr. Namoko
also seeks to proceed *in forma pauperis*
(IFP).

Mr. Namoko's complaint arose from two
prior employment discrimination cases he
filed in the District of Colorado. *See Na-
moko v. Milgard Mfg., Inc.*, No. 06–cv–
02031–WDM–MEH, 2007 WL 1063563
(D.Colo. Apr. 6, 2007); *Namoko v. Cognisa
Sec., Inc.*, No. 05–cv–00763–WDM–MEH
(D. Colo. filed Apr. 26, 2005). In *Milgard
Manufacturing*, Judge Miller adopted
Magistrate Judge Hegarty's recommenda-
tion that Mr. Namoko's complaint be dis-
missed as time-barred and dismissed the
complaint with prejudice. That case is
currently on appeal before this court, No.
07–1171. In *Cognisa Security*, Judge Mil-

---

* This order and judgment is not binding prece-
dent except under the doctrines of law of the
case, res judicata and collateral estoppel. It

may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

ler again adopted Magistrate Judge Hegarty's recommendation, this time to enforce the settlement agreement entered into by the parties. Mr. Namoko's appeal in that case has been terminated, apparently for procedural defects. *See* Nos. 07–1101,–1296.

In this action, Mr. Namoko filed two Title VII complaints alleging bias, discrimination, and retaliation under 42 U.S.C. § 2000a on the part of Judge Miller and Magistrate Judge Hegarty in the handling of the above employment actions. Although Mr. Namoko seeks relief under Title VII, he has failed to claim that he was the victim of an adverse employment action taken by either Judge Miller or Magistrate Judge Hegarty. As the district court observed, it is not empowered to review the orders filed in Mr. Namoko's employment discrimination cases because Mr. Namoko's remedy for his dissatisfaction with the previous Title VII rulings is an appeal to this court, which Mr. Namoko has filed. Thus, the district court's sua sponte determination that it lacked subject matter jurisdiction over Mr. Namoko's Title VII suits under Fed.R.Civ.P. 12(h)(3) was correct.

Accordingly, we AFFIRM the district court's dismissal of Mr. Namoko's complaints and DENY his motion to proceed IFP.